UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                             No. 02-4819

MICHAEL RAYNARD RICE,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Gerald Bruce Lee, District Judge.
(CR-02-333)

Submitted: April 24, 2003

Decided: June 4, 2003

Before NIEMEYER, MICHAEL, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Frank W. Dunham, Jr., Federal Public Defender, Suzanne Little, Assistant Federal Public Defender, Frances H. Pratt, Research and Writing Attorney, Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Patrick F. Stokes, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Michael Raynard Rice appeals his conviction, for possessing a firearm after having been convicted of the misdemeanor crime of domestic violence under 18 U.S.C. § 922(g)(9) (2000), and his sentence of twenty-one months imprisonment. On appeal, Rice alleges that the district court erred by refusing to grant him a two-level reduction for acceptance of responsibility under *U.S. Sentencing Guidelines Manual* ("USSG") § 3E1.1(a) (2001), and by failing to grant his proferred jury instruction regarding the interstate commerce element of the crime. For the reasons that follow, we affirm.

As he did in the district court, Rice argues that, to support the interstate commerce element of § 922, the Government must prove a present and substantial connection between the firearm and interstate commerce. We have rejected this claim. *United States v. Gallimore*, 247 F.3d 134, 138 (4th Cir. 2001). Thus, Rice has failed to show that the district court committed prejudicial error by declining to give the jury an erroneous instruction. *See United States v. Fleschner*, 98 F.3d 155, 158 (4th Cir. 1996) (providing review standard).

Next, Rice alleges that, even though he pled not guilty and put the Government to the burden of a trial, he should have received a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). We do not find that the district court clearly erred in denying Rice the adjustment. *See United States v. Castner*, 50 F.3d 1267, 1279 (4th Cir. 1995) (providing review standard). Rice has failed to meet his burden of establishing by a preponderence of the evidence that he was entitled to the reduction. *See United States v. Urrego-Linares*, 879 F.2d 1234, 1238-39 (4th Cir. 1989); *see also* USSG § 3E.1., comment. (n.2) (stating that, where a defendant has proceeded to trial, it is rare that a defendant would receive the adjustment, absent circumstances not present in the instant appeal).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*